UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
RICHARD J. HOMROCKY,            :          CASE NO. 1:13-CV-02578
:
        Plaintiff,                        :
:
  v.                                   :          ORDER
                                    :          [Resolving Docs. 23, 24]
K&D GROUP, INC.,                  :
:
        Defendant.                   :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On November 20, 2013, Plaintiff Richard J. Homrocky filed a complaint against Defendant K&D Group, Inc. (K&D), his former employer, alleging disability discrimination.[1] In mid-May 2014, Homrocky served the complaint and summons by certified mail to the home of Douglas Price, K&D's President and statutory agent,[2] and to K&D's corporate office.[3] K&D failed to timely respond, and default was entered on June 24, 2014.[4] A default judgment in the amount of $396,073.26 followed on July 17, 2014.[5] K&D has now filed a motion to set aside the default judgment and to stay execution of the judgment while the motion is pending.[6] Homrocky has opposed the motion and filed a separate motion for attorney's fees.[7] For the following reasons, the Court **GRANTS** K&D's motion to set aside the default judgment, **DENIES** as moot the motion to stay execution of the judgment, and **DENIES** Homrocky's motion for attorney's fees.

---

[1] Doc. 1.
[2] Doc. 13 (reflecting service on May 17, 2014).
[3] Doc. 12 (reflecting service on May 19, 2014).
[4] Doc. 16.
[5] Doc. 19.
[6] Doc. 23.
[7] Docs. 24 (attorney's fees), 25 (opposition).

Case No. 1:13-CV-02578
Gwin, J.

I

Three factors are relevant in considering a motion to vacate a default or default judgment. Those factors are "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."[8] Where a default judgment has been entered, the defendant must satisfy the requirements of Federal Rule of Civil Procedure 60(b). In particular, before a defendant can proceed to the second and third factors, it must establish lack of culpability by showing that the default was due to "mistake, inadvertence, surprise, or excusable neglect."[9] However, the general preference for merits adjudication means that the Rule 60(b) inquiry is more lenient in cases of procedural default[10] and that factual disputes or ambiguities should be resolved in favor of the party seeking to set aside the default judgment.[11]

In assessing culpability, courts consider "the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith."[12] In determining whether the defendant has a meritorious defense, courts ask only whether the defendant has asserted a defense "good at law."[13] Finally, in determining whether the plaintiff would be prejudiced by the setting aside of a default judgment, "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient."[14]

Defendant K&D says that it failed to timely respond to the complaint because each of the two

---

[8] *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)).
[9] *Id.*
[10] *See Jinks v. AlliedSignal, Inc.* 250 F.3d 381, 386 (6th Cir. 2001).
[11] *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).
[12] *Id.*
[13] *United Coin Meter Co.*, 705 F.2d at 845.
[14] *Id.*

Case No. 1:13-CV-02578
Gwin, J.

people served believed the matter was being handled by someone else.[15/] Plaintiff argues that neglect such as this is not excusable, especially because earlier in this litigation Plaintiff failed to respond to a request for wavier of service and to the notice of default.[16/]

Here, the brief period of time between entry of the default judgment and the motion to set it aside–less than two weeks–counsels in favor of a finding of excusable neglect. Similarly, setting aside the default now will have no meaningful impact on the case or judicial proceedings since the delay has been minimal. And although it is not to be praised, Defendant K&D's failure to timely respond to the complaint appears to be nothing more than a good faith mistake resulting from excusable neglect. Accordingly, the Court concludes that it did not arise from K&D's culpable conduct.

Plaintiff Homrocky raises one additional argument relative to culpability. Specifically, it cites to a line of cases primarily from the First and Second Circuits to the effect that the relaxed Rule 60(b) standards for procedural defaults apply only when the neglect is chargeable to the moving party's lawyer rather than the moving party itself.[17/] Homrocky, however, has pointed to no Sixth Circuit case law supporting this holding, and indeed, the Sixth Circuit has found excusable neglect even when the mistake is solely one of the party, not of counsel.[18/]

Having shown its lack of culpability, K&D has little trouble satisfying the other two elements

---

[15/] Doc. 23 at 6 (stating that Price, the company President, believed the corporate office was handling the complaint while the employee at the corporate office believed that she did not have to take any action because "Price or other officers had already received [the complaint]").

[16/] Doc. 25 at 7 & n.3.

[17/] See Ins. Co. of North Am. v. S/S Hellenic Challenger, 88 F.R.D. 545, 548 (S.D.N.Y. 1980) (citing Fischer v. Dover S.S. Co., 218 F.2d 682 (2d Cir. 1955) and Greenspun v. Bogan, 492 F.2d 375 (1st Cir. 1974)).

[18/] See, e.g., Burrell v. Henderson, 434 F.3d 826 (6th Cir. 2006) (holding that the district court abused its discretion in refusing to set aside a default judgment granted against a union in circumstances suggesting the neglect was that of an employee rather than of counsel).

Case No. 1:13-CV-02578
Gwin, J.

for setting aside a default judgment.  As to the first, K&D's contentions that Homrocky never requested an accommodation for his disability, that he was never required to perform the duties he says he could not perform, and that it fired Homrocky for legitimate non-discriminatory reasons are certainly defenses "good at law."  And as to prejudice, Homrocky has not demonstrated, or even argued, that he would suffer prejudice if the judgment were set aside.  Accordingly, the Court will **GRANT** K&D's motion to set aside the default judgment.

As part of its motion to set aside the default judgment, K& D also requested that execution of the judgment be stayed until the Court ruled on the motion.  That portion of Defendant's motion is now moot and is therefore **DENIED**.

Plaintiff Homrocky's motion for attorney's fees is premised on the entry of the default judgment.  Because this order sets aside the default judgment, the Court also **DENIES** Homrocky's motion for attorney's fees.

II

For the reasons given above, the Court **GRANTS** Defendant K&D's motion to set aside the default judgment, **DENIES** as moot Defendant K&D's motion to stay execution of the judgment pending a decision on its motion to set aside the judgment, and **DENIES** Plaintiff Homrocky's motion for attorney's fees.

IT IS SO ORDERED

Dated: September 3, 2014           s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE